IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL R. S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 3:20-CV-00838-L-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Paul R.S. filed an application to proceed *in forma pauperis* (ECF No. 4) in this case seeking judicial review of a denial of social security retirement benefits by the Commissioner of Social Security. For the reasons stated, the application should be DENIED.

A district court may permit a person to commence a civil action without prepaying fees or costs, if he "makes an affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the applicant's financial condition to determine whether paying filing fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). A "court enjoys limited discretion to grant or deny *in forma pauperis* status based on the financial resources of the litigant." *Moorish Sci. Temple of Am. v. J.P.*

*Morgan Chase Bank, N.A.,* 2015 WL 233324, at *2 (N.D. Tex. Jan. 16, 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 337 (1948)).

According to Plaintiff's application, he is currently employed and earns at least $1,000 each month. App. 2. Further, he and his spouse together receive more than $3,300.00 each month in income and retirement benefits. *Id.* Plaintiff further states that he has $10,000.00 cash in a savings account. *Id.* 2-3. Although Plaintiff reports approximately $3,700.00 in monthly expenses, his assets exceed his liabilities. The Court finds that Plaintiff can pay the $400.00 filing fee and other costs of this suit without suffering undue financial hardship.

## Recommendation

The District Court should DENY Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) and should order Plaintiff to pay the statutory filing fee within 30 days of the District Court's order accepting this recommendation. If Plaintiff fails to do so, this case should be dismissed without further notice.

**SIGNED** May 13, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).