IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Paul R. S., Sr., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-838-L-BT |
| | § | |
| ANDREW SAUL, | § | |
| Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this pro se civil action to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). For the following reasons, Plaintiff Paul R. S., Sr.'s Complaint should be dismissed.

On April 10, 2020, Plaintiff filed his Complaint against Defendant. Compl. (ECF No. 3). On May 13, 2020, the Court recommended the District Court deny Plaintiff's application to proceed *in forma pauperis* and order Plaintiff to pay the statutory filing fee within 30 days of the District Court's order accepting that recommendation. FCR 2 (ECF No. 5). Plaintiff paid the filing fee, and the Court subsequently entered an order reminding him of his responsibility to properly serve Defendant. Order (ECF No. 7) ("Because Plaintiff has paid the statutory filing fee, he is responsible for properly serving Defendant the Commissioner of Social Security with a summons and a copy of the complaint in accordance with

Rule 4 of the Federal Rules of Civil Procedure and filing proof of service with the Court."). Specifically, the Court warned that "if proper service is not made—and shown to the Court through a filed proof of service—before the 90th day after the filing of this action that is not a Saturday, Sunday, or legal holiday, this case is subject to dismissal without prejudice unless Plaintiff shows both (1) good cause for the failure to timely and properly effect service *and* (2) good cause for the Court to extend the time for service for an appropriate period." *Id*. 1-2 (citing Fed R. Civ. P. 4(m), 41(b)). That 90-day period has now expired, and Plaintiff failed to serve his Complaint on Defendant.

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630-31); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). Because Plaintiff failed to serve his lawsuit on Defendant after the Court directed him to do so, Plaintiff's Complaint should be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders); *Boudwin*, 756 F.2d at 401 ("Although . . . [Rule 41(b)] speaks of dismissal

pursuant to a motion by the defendant, a district court may dismiss *sua sponte,* with or without notice to the parties.").

## Recommendation

For the foregoing reasons, the Court recommends Plaintiff's Complaint be DISMISSED without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

**SO RECOMMENDED**.

September 15, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).